UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHAKEY'S USA, INC., | ) | 1:09-cv-0093 OWW DLB |
| | ) | |
| Plaintiff, | ) | REVISED ORDER ADOPTING |
| | ) | FINDINGS AND |
| v. | ) | RECOMMENDATIONS (Doc. 23) |
| | ) | |
| TUTTO'S PIZZA CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

    On September 30, 2009, the Magistrate Judge issued <u>Findings and Recommendation</u> that Plaintiff's Motion for Default Judgment be granted.  This Findings and Recommendation was served on all parties appearing in the action and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.  No objections were filed.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported in part by the record and proper analysis.

    There is no showing that hourly rates above local prevailing hourly rates of attorneys with comparable experience should apply

1

for attorneys fees.  No evidence has been submitted to show the operating history of Tutto's Pizza Corp., nor as to its profitability.

The "actual" proposed damages, if trebled, would amount to $110,850.00, however, in light of the absence of showing of the financial ability of the Defendants or reasonable revenues and expenses to support projected sales and profit, the Court exercises its discretion to reduce the award of treble damages to $20,000.00 times 3, the amount of $60,000.00.

IT IS ORDERED:

1.  The Findings and Recommendation issued September 30, 2009, are ADOPTED IN PART;

2.  Plaintiff's Motion for Default Judgment is GRANTED;

3.  Judgment is entered in this action only against Defendants Tutto's Pizza Corp., CM Restaurant Group, Inc., and Amira Hanna;

4.  Plaintiff is AWARDED damages in the amount of $36,950.00 [there is no showing of the reasonable amount of pizza revenue or from other operations for the two years the royalty is applied];

5.  Plaintiff is AWARDED treble damages in the amount of $60,000.00 pursuant to 15 U.S.C. § 1117(a);

6.  Plaintiff is AWARDED attorneys' fees in the amount of $13,658.00, [reduced partners' rate to $325.00 per hour, reduced associates' rate to $225.00 per hour, and re-calculated those fees), computer assisted legal research subtracted from the costs ($84.83).

7.  Plaintiff shall recover its costs in the amount of

1 $2,004.37.

2     8.   Plaintiff is GRANTED a permanent injunction pursuant to
3 15 U.S.C. § 1116(a):

    **Defendants and their employees, agents, directors, officers, servants, attorneys, and those persons in active concert or participation with them are required to:**

    **(a) immediately discontinue the use of the Shakey's Marks, including but not limited to Shakey's service marks, trademarks and trade name, the sale of Mojo™ potatoes, and the use of any and all signs and printed goods bearing the said Shakey's Marks and/or any references whatever thereto;**

    **(b) immediately destroy all materials imprinted with the name "Shakey's" and/or "Shakey's Pizza Parlor and Ye Public House" and/or any other Shakey's Marks;**

    **(c) immediately discontinue to operate or do business under any name or in any manner that might tend to give the general public the impression that Defendants are connected in any way with Shakey's or have any right to the use of the Shakey's System;**

    **(d) immediately discontinue to make, use or avail of any of the trade secrets of, or information imparted by Shakey's or disclose or reveal any such other information or any portion thereof to others;**

    **(e) immediately return to Shakey's the Operation Manual and all copies thereof, together with all other material containing trade secrets, operating**

3

1 instructions, or business practices, if any such
2 information is currently in Defendants' possession,
3 custody, or control;
4     (f) refrain from occupying, constructing,
5 equipping, ordering or assisting any person or persons
6 in the occupation, construction, or equipping of any
7 premises incorporating the distinctive features or
8 equipment layout which Shakey's has originated and
9 developed and which are identifying characteristics of
10 premises operated by Shakey's franchisees;
11     (g) immediately cease using the Restaurant, or
12 otherwise, any Shakey's artwork and signs, interior and
13 exterior color schemes distinctive to Shakey's,
14 distinctive window glass and lamps, or other trade
15 dress used by any licensed Shakey's pizza parlor
16 restaurant;
17 Defendants and their employees, agents, directors,
18 officers, servants, attorneys, and those persons in
19 active concert or participation with them are
20 permanently enjoined and restrained from:
21     (a) Doing anything to cause potential purchasers
22 of Defendants' products or services to believe that
23 Defendants' products or services originate with
24 Shakey's or are authorized, endorsed, or affiliated
25 with or sponsored by Shakey's, including but not
26 ///
27 ///
28 ///

    limited to using the Shakey's Marks, trade secrets or
    trade dress.

IT IS SO ORDERED.

Dated:   January 6, 2010                /s/ Oliver W. Wanger
                                        UNITED STATES DISTRICT JUDGE